**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ISAIAH PAPENBROCK, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:26-cv-131 |
| STUCKMAN SALVAGE, INC. d/b/a STUCKMAN SALVAGE AND TOW, | ) | |
| Defendants. | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Isaiah Papenbrock ("Papenbrock"), individually and on behalf of all others similarly situated, by counsel, brings this Collective Action and Class Action Complaint against Defendant Stuckman Salvage Inc., which does business as Stuckman Salvage and Tow, ("Stuckman Salvage" or "Defendant"), and states as follows:

**INTRODUCTION**

1. This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., brought by Plaintiff individually and on behalf of all similarly situated hourly laborers and scrap-processing employees of Stuckman Salvage who were paid straight time for overtime and were denied pay for off-the-clock work.

2. This is also a class action under Rule 23 based on Defendant's violations of the Indiana Wage Payment Statute ("IWPS"), Ind. Code §§ 22-2-5-1 et seq., and the Indiana Wage Assignment Statute, Ind. Code §§ 22-2-6-1 et seq., arising from unlawful wage deductions and failure to pay wages when due.

3. Defendant operates a salvage, scrap, and towing business employing laborers to process scrap metal, dismantle machinery and appliances, and perform physically hazardous work. Plaintiff was one such laborer.

4. At all relevant times, Defendant suffered and permitted Plaintiff and other employees to work more than 40 hours per week while paying only straight time or paying hours "under the table" in cash, without overtime premiums.

5. Defendant also deducted wages from employees without written authorization, including deductions for alleged "overpayments," "missed punches," and time adjustments made to keep employees under 40 hours.

6. Defendant knowingly failed to pay employees for pre-shift work, post-shift work, and on-the-clock lunch periods that were automatically deducted even when work continued.

7. Plaintiff seeks unpaid wages, unpaid overtime, liquidated damages, statutory damages, attorneys' fees and costs/expenses, incentive pay, and all other available relief.

## JURISDICTION AND VENUE

8. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under the FLSA.

9. The Court has supplemental jurisdiction over the Indiana wage claims under 28 U.S.C. § 1367.

10. Defendant conducts continuous business operations in Indiana, including where Plaintiff worked in Syracuse, Indiana giving rise to personal jurisdiction.

11. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District.

## PARTIES

12. Plaintiff Isaiah Papenbrock is a resident of Indiana and was employed by Defendant from approximately July 11, 2024 until late 2025. Papenbrock filed a consent form to be included in this lawsuit. See attached Exhibit 1.

13. Plaintiff's primary duties were laborer tasks including scrap processing, dismantling air conditioning units and other chemically hazardous materials, hauling metal, and general salvage yard labor.

14. Plaintiff was paid hourly at $13/hour and was a non-exempt hourly worker.

15. Stuckman Salvage is an Indiana employer operating a salvage and towing company and scrap yard. It has a principal office address of 9488 N Koher Rd E, Syracuse, Indiana 46567 and its listed registered agent is Angela Stuckman, 9488 N Koher Rd E, Syracuse, Indiana 46567.

## FACTUAL ALLEGATIONS

16. Plaintiff regularly worked more than 40 hours per week. Defendant routinely paid him only straight time for overtime hours.

17. In many weeks, Defendant refused to count hours after employees worked 40 hours—cutting hours from the time clock system to avoid the recording of their hours and the payment of overtime pay.

18. Defendant also paid Plaintiff cash "under the table" for additional hours, again without overtime premiums.

19. Defendant applied this same practice to other employees.

20. Plaintiff was expected to work before his scheduled start time and after 5 PM without pay. He was told his job was at risk if he did not comply.

21. Defendant deducted a 30-minute lunch period from every shift even when Plaintiff was on the clock and worked through lunch or returned early from lunch.

22. Plaintiff's pay did not add up to what he was entitled to receive, and Defendant's managers admitted they were not collecting, recording, and compensating hours properly.

23. Defendant deducted wages from Plaintiff for alleged "overpayments," for timecard discrepancies, and for other reasons without his written consent. Managers expressly admitted doing so.

24. Defendant refused to fix timecards when Plaintiff complained.

25. Defendant refused to pay Plaintiff certain of his earned wages until he returned a heater that he had been allowed to use for heat during the winter.

26. Defendant withheld full paychecks, partial amounts of pay, and failed to pay Plaintiff's wages within 10 business days after they were earned, in violation of Indiana law.

27. Defendant knew that Plaintiff had complained starting with his first check about missing pay, inaccurate hours, unlawful deductions, and unpaid overtime. Defendant refused to correct violations.

28. Defendant's conduct was knowing, intentional, and repeated with multiple employees.

**COLLECTIVE ACTION ALLEGATIONS (FLSA)**

29. Papenbrock brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on his own behalf and on behalf of the proposed FLSA Collective, defined as:

> All hourly laborers, scrap processors, buyers, and other non-exempt employees who worked for Stuckman Salvage (and affiliated entities) at any time during the three years preceding the filing of this complaint and through the date of judgment.

Papenbrock reserves the right to amend this definition as necessary.

30. Excluded from the proposed Collective are Defendant's exempt executives, administrative and professional employees, including computer professionals, and outside salespeople.

31. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to under 29 U.S.C. § 216(b). The proposed Collective of employees on behalf of whom Papenbrock brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policies, or plans, including, but not limited to, payment of straight time for overtime, hours cut from timecards, cash payments without overtime, and off-the-clock work without compensation; and (c) their claims are based upon the same factual and legal theories.

32. The employment relationships between Defendant and every Collective member are the same and differ only in name, assignment, and rate of pay. In addition to these common issues of fact, the proposed Collective possesses several common issues of fact and law, including, but not limited to: (1) whether Defendant violated the FLSA and provisions thereof; and (2) if so, what is the respective amount of uncompensated overtime pay, minimum wages, and other recoverable damages owed to each employee.

## CLASS ACTION ALLEGATIONS (INDIANA LAW)

33. Plaintiff brings this IWPS action under Ind. Code § 22-2-5-1, et seq. as a class action pursuant to Rule 23 of the Indiana Rules of Trial Procedure and relevant case authority, on behalf of himself and the proposed class ("Class"), defined as:

> All current and former hourly employees of Stuckman Salvage (and affiliated entities) who resigned from or voluntarily left their employment with Stuckman Salvage (and affiliated entities) within the two years preceding the commencement of this action and the date of judgment.

Papenbrock reserves the right to amend this definition as necessary.

34. The Class is so numerous that joinder of all members is impracticable.

35. There are common issues of fact among the class, including, but not limited to, their status as current employees of Stuckman Salvage or employees who resigned from or voluntarily left their employment with Stuckman Salvage within the past two years.

36. In addition to those common issues of fact, the proposed Class possesses several common issues of fact and law, including, but not limited to: (1) whether Defendant violated the IWPS and provisions thereof; and (2) if so, what is the respective amount of uncompensated wages and other recoverable damages owed to each employee. As such, the claims of the representative parties are typical of the claims of the Class.

37. Plaintiff will fairly and adequately represent the class.

## COUNT I-
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, et seq. BY STUCKMAN SALVAGE–
## FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207

**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**

38. Plaintiff incorporates by reference all preceding paragraphs.

39. At all times relevant to this action, Stuckman Salvage was an enterprise with annual gross volume of sales made or business done that exceeded $500,000.

40. At all times relevant to this action, Stuckman Salvage was an enterprise with employees engaged in commerce.

41. Papenbrock and the proposed FLSA Collective members were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

42. At all times relevant to this action, Stuckman Salvage has been an employer of Papenbrock and all other similarly situated employees under 29 U.S.C. § 203(d) of the FLSA that is subject to the provisions of 29 U.S.C. §§ 201, et seq.

43. At all times relevant to this action, Stuckman Salvage "suffered or permitted" Papenbrock and other similarly situated employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

44. Papenbrock and other similarly situated employees regularly worked for Stuckman Salvage in excess of 40 hours in a workweek.

45. At all times relevant to this action, Stuckman Salvage suffered and permitted Papenbrock and other similarly situated employees to work for it in excess of 40 hours in many workweeks but failed to pay these employees the federally mandated overtime compensation for such time.

46. The uncompensated overtime work performed by Stuckman Salvage and members of the proposed Collective was an essential part of their jobs and these activities, and the time employees spent performing these activities is not *de minimis.*

47. In workweeks when Stuckman Salvage and other members and other similarly situated employees worked in excess of 40 hours, they should have been paid at

the federally mandated rate of one and one-half (1.5) times each employee's regular hourly wage. 29 U.S.C. § 207.

48. Defendant paid straight time for overtime, altered timecards, and paid employees in cash to conceal overtime liability.

49. Defendant's violations of the FLSA were knowing, willful, and not in good faith. Defendant knew that Papenbrock and similarly situated employees were entitled to receive overtime pay at the federally mandated rate of one and one-half (1.5) times each employee's regularly hourly wage when they worked excess of 40 hours in a workweek or, alternatively, acted with reckless disregard in not properly paying that overtime to said employees.

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorney's fees. Papenbrock seeks all available relief for himself and the Collective.

**COUNT II –**

**VIOLATION OF THE INDIANA WAGE ASSIGNMENT STATUTE
BY STUCKMAN SALVAGE–
FAILURE TO PAY WAGES IN VIOLATION OF IND. CODE §§ 22-2-5- 1, et seq.**

**(Brought Individually and on a Class Basis Pursuant to Rule 23 of the Federal Rules of Procedure and applicable case law)**

51. Plaintiff incorporates by reference all preceding paragraphs.

52. At all times relevant to this action, Stuckman Salvage was an Indiana employer subject to the IWPS, Ind. Code §§ 22-2-5-1, et seq., and the Indiana Wage Assignment Statute, Ind. Code §§ 22-2-6-1, et seq.

53. At all times relevant to this action, Stuckman Salvage has been an employer of Papenbrock and other similarly situated employees who are members of the proposed Class.

54. Stuckman Salvage made unauthorized deductions from Plaintiff's pay for "overpayments," "missed punches," and other reasons. Plaintiff never consented to these deductions in writing.

55. Stuckman Salvage improperly withheld wages from and/or deducted wages from the paychecks of Papenbrock and other similarly situated employees who are members of the proposed Class without obtaining their written, revocable consent to deduct such wages.

56. Stuckman Salvage has failed to pay Papenbrock and other similarly situated employees who are members of the proposed Class wages that they earned more than 10 business days ago.

57. Stuckman Salvage's failure to pay Papenbrock and other similarly situated employees who are members of the proposed Class wages that they earned more than 10 business days ago was knowing, willful, and not in good faith.

58. By failing to pay Papenbrock and other similarly situated employees who are members of the proposed Class their owed wages, Stuckman Salvage has violated the IWPS. Ind. Code § 22-2-5-1; Ind. Code § 22-2-5-2.

59. For such violations of the IWPS, Papenbrock and other similarly situated employees who are members of the proposed Class are entitled to unpaid pay, an equal amount in liquidated damages, pre-judgment interest, and attorney's fees, and costs. Ind. Code § 22-2-5-1; Ind. Code § 22-2-5-2. Papenbrock seeks all available relief for himself

and the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

A. Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claim and proposed FLSA Collective set forth herein;

B. Certification of this case as a class action in accordance with Rule 23 of the Indiana Rules of Trial Procedure and applicable case law with respect to IWPS claims and proposed IWPS class set forth herein;

C. An Order requiring Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective and Class members and permitting Papenbrock to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise;

D. Designation of Papenbrock as representative for the FLSA Collective and the undersigned as counsel for the FLSA Collective;

E. Designation of Papenbrock as representative for the IWPS Class and the undersigned as counsel for the class;

F. Declaration that the Defendant violated the FLSA;

G. Declaration that the Defendant's violations of the FLSA were willful;

H. Declaration that the Defendant violated the IWPS and the Indiana Wage Assignment statute;

I. Declaration that the Defendant's violations of the IWPS and the Indiana Wage Assignment statute were willful and not in good faith;

K. Judgment in favor of Papenbrock, the FLSA Collective and the IWPS class and an award to Papenbrock, and the Collective/Class members of the full amount of damages, and liquidated damages available by law;

L. Attorneys' fees, costs, and expenses;

M. An incentive award for Plaintiff for serving as the representative of the Collective;

N. All other relief appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: January 30, 2026

Respectfully submitted,

/s/ Robert A. Hicks

Robert A. Hicks, Attorney No. 25310-49

Macey Swanson Hicks & Sauer
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN 46204-1800
Phone: (317) 637-2345
Fax: (317) 637-2369
Email: rhicks@maceylaw.com

Attorney for Plaintiff